**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2103**

FEQUIERE CHERY; MARIE GUIRLENE CHERY; ANDROT GUERLAIN CHERY; ANN ENIVE CHERY,

        Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 16, 2010     Decided: November 1, 2010

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Joseph M. Champagne, Jr., Toms River, New Jersey, for Petitioners. Tony West, Assistant Attorney General, Anthony W. Norwood, Senior Litigation Counsel, Kathryn L. DeAngelis, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fequiere Chery, and derivative beneficiaries Marie Guirlene Chery, Androt Guerlain Chery and Ann Enive Chery, all natives and citizens of Haiti, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the Immigration Judge's denial of Fequiere Chery's applications for relief from removal.

Petitioners first challenge the determination that Fequiere Chery failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Petitioners fail to show that the evidence compels a contrary result.

Having failed to qualify for asylum, Petitioners cannot meet the more stringent standard for withholding of removal. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999); INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Next, we uphold the finding below that Petitioners failed to demonstrate that it is more likely than not that Fequiere Chery would be tortured if removed to Haiti. 8 C.F.R. § 1208.16(c)(2) (2010). Finally, we have considered Petitioners' claim that translation problems

2

during the hearing amounted to a denial of due process, and conclude that such claim lacks merit. <u>See</u> <u>Anim v. Mukasey</u>, 535 F.3d 243, 256 (4th Cir. 2008).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3